# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| CORNELIUS C. MITCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 14-2223 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Petitioner Cornelius C. Mitchell filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). Under Rule 4 of the Rules Governing Section 2255 Proceedings for United States District Courts, the Court must promptly examine the Motion. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b). If it appears from the Motion, attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief, the Court must dismiss the Motion. Id. If the Court does not dismiss the motion, the Court must order the United States

Attorney to file an answer, motion, or other response, or to take any other action. Id.

Upon review of the Motion, the attachments, and the record of the prior proceedings, the Court dismisses Claim 1 and directs the Government to file an answer, motion, or other response to Claim 2. The Government's answer, motion, or other response must address whether Claim 2 is barred by the collateral attack waiver in Petitioner's Plea Agreement.

## I. BACKGROUND

On November 5, 2010, a Complaint was filed charging Defendant with possession of 28 grams or more of cocaine base (crack) with the intent to distribute. See United States v. Mitchell, Case No. 10-20094.[1] On November 17, 2010, the grand jury charged Petitioner by Indictment with possession of 28 grams or more of crack with intent to distribute (Count 1) and felon in

---

[1] Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the motion must be promptly forwarded to the judge who conducted the trial and imposed sentence. "If that judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(a). United States District Judge Michael P. McCuskey was the trial judge in this case, but he has retired. Because United States District Judge Colin S. Bruce has recused himself from cases pending when he was an Assistant United States Attorney, the case was assigned to the undersigned judge.

possession of a firearm (Count 2).  Id. at d/e 9.  Following the filing and denial of two motions to suppress, one motion to dismiss, and one motion to reconsider, the Petitioner entered into a conditional Plea Agreement with the Government.  Case No. 10-20094, Motions to Suppress (d/e 18, 28); Motion to Dismiss (d/e 34); Motion to Reconsider (d/e 38); Plea Agreement (d/e 44).

Under the Plea Agreement, Petitioner agreed to enter a conditional plea of guilty to the Indictment but expressly reserved the right to appeal the denial of the motions to suppress, the motion to dismiss, and the motion to reconsider.  United States v. Mitchell, Case No. 10-20094, Plea Agreement ¶ 3 (d/e 44). Petitioner waived all other rights to appeal.  Id. ¶ 23.  Petitioner also waived "his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack . . . so long as the sentence is within the maximum provided in the statutes of conviction, excepting only those claims which relate directly to the negotiation of this waiver itself."  Id. ¶ 25.

On May 9, 2012, Petitioner signed a Notice Regarding Entry of Plea of Guilty.  In the Notice, Petitioner agreed to have a United

States Magistrate Judge conduct the plea proceeding and issue a report and recommendation. That same day, Petitioner appeared before United States Magistrate Judge David G. Bernthal, who conducted the plea colloquy. Following the hearing, Judge Bernthal issued a Report and Recommendation, recommending that Petitioner's plea be accepted.

On June 8, 2012, United States District Judge Michael P. McCuskey entered an Order Approving Magistrate Recommendation (d/e 49). Judge McCuskey approved the recommendation, accepted the plea, and adjudged Petitioner guilty. On August 10, 2012, Judge McCuskey sentenced Petitioner to 235 months on Count 1 and 120 months on Count 2, to run concurrently.

On August 13, 2010, Petitioner filed a Notice of Appeal. On April 1, 2013, the United States Court of Appeals for the Seventh Circuit granted counsel's motion to withdraw, denied Petitioner's request for substitute counsel, and dismissed the appeal. On October 7, 2013, the United States Supreme Court denied Petitioner's petition for writ of certiorari. Mitchell v. United States, 134 S. Ct. 333 (2013).

On September 9, 2014, Petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. See Rules Governing Section 2255 Cases in United States District Courts Rule 3(d) (providing that an inmate's filing is timely if deposited in the institution's internal mailing system on or before the last day for filing). Petitioner raises two claims: (1) that his guilty plea is void because the Federal Magistrates Act, 28 U.S.C. § 636, did not authorize the magistrate judge to accept Petitioner's guilty plea (Claim 1); and (2) trial counsel was ineffective when he neglected to investigate and discover impeachable and exculpatory evidence that could have been used to impeach the government's witness at the suppression hearing (Claim 2).

## II. ANALYSIS

Petitioner's first claim in his § 2255 Motion is that his guilty plea is void because it was accepted by the magistrate judge in violation of the Federal Magistrate Act, 28 U.S.C. § 636. This claim is barred by the waiver of his right to collateral attack in the Plea Agreement. See Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (providing that valid waivers of the right to collateral attack are

enforced with limited exceptions for cases in which the plea agreement was involuntary, the district court relied on a constitutionally impermissible factor at sentencing such as race, the sentence exceeded the statutory maximum, or the defendant claims ineffective assistance of counsel in connection with the negotiation of the plea agreement).

Even if the waiver of the right to collateral attack did not preclude this cause of action, Petitioner is still not entitled to relief on this claim. In support of Claim 1, Petitioner cites <u>United States v. Harden</u>, 758 F.3d 886 (7th Cir. 2014).

In <u>United States v. Harden</u>, the magistrate judge, with the parties' consent, conducted the plea colloquy, and accepted the plea. <u>Harden</u>, 758 F.3d at 887. Thereafter, the district judge conducted a sentencing hearing and sentenced the defendant. <u>Id.</u> On appeal, the Seventh Circuit reversed the defendant's conviction, holding that magistrate judges "are not permitted to accept guilty pleas in felony cases and adjudge a defendant guilty." <u>Id.</u> at 888 (basing this determination on 28 U.S.C. § 636 and Supreme Court decisions limiting federal magistrate judge's authority). The Court also noted, however, that it is a permissible practice for the

magistrate judge to conduct the plea colloquy and prepare a report and recommendation for the district judge.  Id. at 891.

In this case, on May 9, 2012, Magistrate Judge Bernthal, with the consent of the parties, conducted the plea colloquy and prepared a Report and Recommendation recommending that the Court accept the guilty plea.  See Notice Regarding Entry of Plea and Signed Consent (d/e 45); Report and Recommendation (d/e 47).  On June 8, 2012, Judge McCuskey, the district judge, entered an Order Approving Magistrate Recommendation (d/e 49) accepting the plea, and adjudging Petitioner guilty.  Therefore, the Court followed the practice deemed permissible by the Seventh Circuit, and Petitioner's guilty plea is not void.  Petitioner is not entitled to relief on Claim 1, so that claim is dismissed.  See, e.g., Spengler v. United States, No. 10-C-0772, 2013 WL 2147549, at *4 (E.D. Wis. May 15, 2013) (summarily dismissing some claims in the § 2255 motion and ordering the Government to respond to the remaining claims); United States v. Price, No. 2:07 CV 12, 1:01 CR 98, 2008 WL 3085882 at *1 (N.D. Ind. Aug. 1, 2008) (dismissing several claims in § 2255 motion pursuant to Rule 4 and ordering the government to respond to the remaining claims).

Petitioner's second claim for relief in his § 2255 Motion is that his counsel was ineffective when he neglected to investigate and discover impeachable and exculpatory evidence that could have been used to impeach the government's witness at the suppression hearing. Petitioner attaches to his Motion the police reports from the actual arrest.

The Court finds that summary dismissal of this claim is not warranted and Claim 2 may fall within the exception to the collateral attack waiver.

### III. CONCLUSION

The Court DIRECTS the United States Attorney to file an answer, motion, or other response on or before October 17, 2014. The answer, motion, or other response shall address the collateral attack waiver. Petitioner may file a response to the Government's filing on or before November 17, 2014.

ENTER: October 3, 2014

FOR THE COURT:

                                  s/Sue E Myerscough
                                  SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE